**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **APRIL L. ANDERSON,** | ) | **CASE NO.: 25-11772-DJB** |
| | ) | **CHAPTER 13** |
| **DEBTOR.** | ) | **JUDGE DEREK J BAKER** |
| | ) | |
| **MTGLQ INVESTORS, L.P.,** | ) | |
| | ) | |
| **CREDITOR.** | ) | |
| | ) | |
| **APRIL L. ANDERSON, DEBTOR,** | ) | |
| **AND KENNETH E. WEST, TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

**ORDER APPROVING STIPULATION IN SETTLEMENT OF
MOTION FOR RELIEF FROM AUTOMATIC STAY**

Upon consideration of the Stipulation between MTGLQ Investors, L.P.. and Debtor (Doc. <u>48</u>),

it

Is hereby **ORDERED** that the Stipulation is **APPROVED.**

Date: **March 30, 2026**
_____

_____
HONORABLE DEREK J BAKER
U.S. BANKRUPTCY JUDGE

**IN THE UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF PENNSYLVANIA
(PHILADELPHIA)**

| | | |
|---|---|---|
| **IN RE:** | ) | |
| **APRIL L. ANDERSON,** | ) | **CASE NO.: 25-11772-DJB** |
| | ) | **CHAPTER 13** |
| **DEBTOR.** | ) | **JUDGE DEREK J BAKER** |
| | ) | |
| **MTGLQ INVESTORS, L.P.,** | ) | |
| | ) | |
| **CREDITOR.** | ) | |
| | ) | |
| **APRIL L. ANDERSON, DEBTOR,** | ) | |
| **AND KENNETH E. WEST, TRUSTEE,** | ) | |
| | ) | |
| **RESPONDENTS.** | ) | |

---

## STIPULATION

AND NOW, it is hereby stipulated and agreed by and between the undersigned as follows:

1. Movant is MTGLQ Investors, L.P. (hereinafter "Movant").

2. April L. Anderson ("Debtor") is the owner of the property described as 349 Van Kirk Street, Philadelphia, PA 19120 (hereinafter the "Property").

3. On February 4, 2026, Movant filed a Motion for Relief in this case and Debtor filed an Objection on February 13, 2026.

4. As March 6, 2026, the post-petition arrearage on the mortgage held by Movant on the Property is **$6,067.17**, which breaks down as follows:

   > Post-Petition Payments: $1,153.34 for the month of December 1, 2025, and $1,333.97 for January 1, 2026 through March 1, 2026, totaling $5,155.25
   > Fees & Costs: $1,549.00 ($1,350 fees and $199.00 costs)
   > Suspense Balance: $637.08
   > **Total Post-Petition Arrears with fees and costs: $6,067.17**

5. Debtor and Movant shall resolve this Motion in the following manner:

    a.  Debtor will make a lump sum payment to cure the remaining post-petition arrears and fees totaling **$6,067.17**.  Payment shall be made within fifteen (15) days of entry of the Order Approving Stipulation.

    b.  Beginning with the April 2026 payment and continuing thereafter, Debtor shall pay to Movant the present regular monthly mortgage payment of $1,333.97 (or as adjusted pursuant to the terms of the mortgage) on or before the first (1st) day of each month (with late charges being assessed after the 15th of the month).

6. Beginning April 1, 2026, Debtor shall resume timely remittance of the regular monthly mortgage payments. Payments should be sent to the below address:

**Shellpoint Mortgage Servicing**
**P.O. Box 650840**
**Dallas, TX 75265-0840**

7. In the event the payments above are not tendered pursuant to the terms of this stipulation, Movant shall notify Debtor's attorney of the default in writing and Debtor may cure said default within TWENTY (20) days of the date of said notice.  If Debtor should fail to cure the default within TWENTY (20) days, Movant may file a Certification of Default with the Court and the Court shall enter an Order granting Movant immediate relief from the automatic stay and waiving the stay provided by Bankruptcy Rule 4001(a)(4).

8. If the case is converted to Chapter 7, Movant shall file a Certification of Default with the Court and the Court shall enter an order granting Movant relief from the automatic stay.

9. If the instant bankruptcy is terminated by either dismissal or discharge, this agreement shall be null and void, and is not binding upon the parties.

10. The provisions of this stipulation do not constitute a waiver by Movant of its right to seek reimbursement of any amounts not included in this stipulation, including fees and costs, due under the terms of the mortgage and applicable law.

11. The provisions of this stipulation are without prejudice to any of our rights and remedies available to the Trustee.

12. The parties agree that an electronic signature shall be considered an original signature.

Date: 3/23/26                    By: /s/ Joshua I. Goldman
                                 Joshua I, Goldman, Esquire
                                 Attorney for Movant

Date: 3/23/26                    By: /s/ Michael A. Cibik *(w/ permission)*
                                 Michael A. Cibik, Esquire
                                 Attorney for Debtor

                                         No Objection
Date: March 24, 2026             By:     /s/  LeeAne O. Huggins
                                 Kenneth E. West
                                 Chapter 13 Trustee